IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS G. DUNNING, | ) | CV. NO. 05-00140 DAE-LEK |
| | ) | CR. NO. 00-00286 DAE-03 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
AND DENYING AS MOOT PETITIONER'S MOTION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's Motions, the Court DENIES Petitioner's Motion For Reconsideration and DENIES AS MOOT Petitioner's Motion For Leave to Proceed *In Forma Pauperis.*

BACKGROUND

On September 12, 2000, Petitioner Thomas G. Dunning ("Petitioner") pled guilty to conspiracy to distribute a controlled substance. On September 4, 2001, the Court sentenced him to 147 months imprisonment.

On October 30, 2002, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which the Court denied on February 14, 2003.

On March 2, 2005, Petitioner filed a Petition for Writ of Error Audita Querela ("Petition").  Along with the Petition, Petitioner also filed "Judicial Notice to Support Writ of Error Audita Querela."  The Court denied the Petition on April 21, 2005.

On May 17, 2005, Petitioner filed a Notice of Appeal, which the Court construed as an Application For Certificate of Appealability ("COA").  The Court denied Petitioner's COA on July 27, 2005.

On August 26, 2005, Petitioner filed the instant Motion For Reconsideration of the Court's Order Denying Petitioner's COA ("Motion") and also filed a Motion For Leave to Proceed *In Forma Pauperis* ("IFP Motion").

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 414 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling

interest in the finality of judgments, which should not be lightly disregarded. Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id.; Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996). There are three major grounds that justify reconsideration: (1) An intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. Carnell, 872 F. Supp. at 758. Likewise, a motion brought under Federal Rule of Civil Procedure 60(b) will be granted only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) some extraordinary circumstance which would justify relief. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

"Clause 60(b)(6) is a 'catch-all' clause that is read as being exclusive of the other grounds for relief listed in Rule 60." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002) (citing Lafarge Conseils et Etudes, S.A. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986)). Rule 60(b)(6) "empowers the court to reopen a judgment even after one year has passed 'for any

other reason justifying relief from the operation of the judgment.'" Pioneer Inv. Services Co. v. Brunswick, 507 U.S. 380, 393 (1993). It should, however, "only be applied in 'extraordinary circumstances.'" United States v. Washington, 98 F.3d 1159, 1163 (9th Cir. 1996).

Extraordinary circumstances are those "which prevented or rendered [plaintiff] unable to prosecute" his or her case, Tani, 282 F.3d at 1168 (quoting Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)) (quotations omitted), or those "suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393. " The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Tani, 282 F.3d at 1168 (citing United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

DISCUSSION

Petitioner fails to present any grounds for reconsideration of the Court's Order Denying Petitioner's COA. Petitioner states that because the Court incorrectly characterized his Petition for Writ of Error Audita Querela as a second or successive petition for Habeas Corpus, the Court improperly denied the Petition. As a consequence, Petitioner contends, the Court also wrongly denied Petitioner's

COA. Petitioner additionally argues that because his Petition was actually not a second Writ of Habeas Corpus, he does not need a Certificate of Appealability in order to appeal. For these reasons, Petitioner believes that he is entitled to reconsideration of the Court's Order Denying his COA under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The Court disagrees.

Petitioner's underlying argument that his previous Petition should not have been construed as a second or successive Habeas Petition under 28 U.S.C. § 2255 has already been addressed and rejected by this Court. Petitioner's continued disagreement with the Court's decision to construe his Petition as it did is the primary focus of his argument in this Motion. However, this Motion seeks reconsideration of the Order Denying COA. These arguments are thus irrelevant. Petitioner has not furnished a single new reason for the Court to reconsider its prior decision, and instead relies on the arguments in his previous Petition to contend that he is entitled to relief under a Writ of Audita Querela. This does not constitute a reason justifying reconsideration nor does it furnish the Court with strongly convincing facts or law such that the Court is induced to reverse its prior decision on the COA. Moreover, Petitioner fails to point to a change in controlling law, or demonstrate to the Court that manifest injustice will occur if this Court's prior decision is not altered.

Petitioner specifically requests reconsideration under Rule 60(b)(6) but has not identified any extraordinary circumstances justifying relief that would compel the Court to reconsider its prior decision. To the contrary, the sum of Petitioner's argument boils down to the fact he disagrees with the Court's Order Denying his Petition and therefore is entitled to reconsideration of the Order Denying his COA . The current legal standard in the Ninth Circuit regarding Motions for Reconsideration is completely antithetical to such an assertion. For Petitioner to prevail under Rule 60(b)(6), it is necessary for him to do more than rehash arguments that the Court already found unconvincing in his previous Petition.

Given that Petitioner has presented no new evidence or arguments, has not shown that manifest injustice will occur absent a correction of the Court's Order Denying Petitioner's COA, has not pointed to a change in controlling law, and has not identified any extraordinary circumstances justifying relief, the Court will not reconsider its previous Order Denying Petitioner's COA. Consequently, Petitioner's Motion is denied. Because the Court denies Petitioner's Motion, Petitioner's IFP Motion is rendered moot.

CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion for Reconsideration and DENIES AS MOOT Petitioner's Motion For Leave to Proceed *In Forma Pauperis*.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2006.



_____
David Alan Ezra
United States District Judge

Thomas G. Dunning v. United States of America, CV. NO. 05-00140 DAE-LEK, CR. NO. 00-00286 DAE-03; ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS